UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAD S.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-5410-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income ("SSI"). Plaintiff contends the administrative law judge ("ALJ") erred in discounting his subjective testimony and assessing the medical evidence.[1] (Dkt. # 11 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1965, has a high school diploma, and has worked as an arborist, technology consultant, bookstore cashier, and plumbing company director of operations. AR at

---

[1] Plaintiff argues that these errors led to errors in the ALJ's residual functional capacity ("RFC") assessment and the step-five findings, but those enveloped errors need not be discussed separately. (Dkt. # 11 at 1, 16-17.)

ORDER - 1

237, 268. Plaintiff was last gainfully employed in November 2010. *Id*. at 268.

In May 2015, Plaintiff applied for benefits, alleging disability as of May 1, 2008. AR at 216-21. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 119-26, 130-39. After the ALJ conducted a hearing on November 29, 2017 (*id*. at 43-90), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-36.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the application date, May 27, 2015.

Step two: Plaintiff's lumbar disc bulge and facet arthritis, cannabis abuse, major depressive disorder, and post-traumatic stress disorder are severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

RFC: Plaintiff can perform light work with additional limitations: he can lift/carry 20 pounds occasionally and 10 pounds frequently. He can stand/walk for up to six hours in an eight-hour workday. He must never climb ladders, ropes, or scaffolds, and must never crawl. He can occasionally climb ramps and stairs, stoop, crouch, and balance. He can frequently kneel. He should not have more than occasional exposure to extreme cold, vibrations, or hazards (unprotected heights and dangerous machinery). He can perform skilled work in the type of jobs in which he has known or transferable skills. He can have only superficial social contact, meaning that it cannot be part of his job duties to have dealings with the public, and he can have only occasional contact with supervisors and co-workers. He must have no collaboration/teamwork.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 15-36.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the

---

[2] 20 C.F.R. § 416.920.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

#### A. The ALJ Did Not Err in Discounting Plaintiff's Subjective Statements

The ALJ discounted Plaintiff's subjective testimony because (1) Plaintiff pursued very little mental health treating during the period at issue; (2) Plaintiff told an examiner that he could work if he wanted to, but needed "my freedom and my fluidity"; (3) the objective medical

evidence does not corroborate the physical limitations Plaintiff alleges; and (4) Plaintiff's reported activities and capabilities are consistent with the RFC assessment, rather than with disability. AR at 28-30. Plaintiff contends that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

      Plaintiff raises a preliminary challenge to the ALJ's summary of the medical record, contending that most of the objective evidence summarized by the ALJ "predates the relevant time period by more than a year, and which therefore has limited relevance to the issue of whether [Plaintiff] has been disabled since May 2015." (Dkt. # 11 at 11.) This argument is flawed, because the "relevant time period" dates back to when Plaintiff alleges his disability began (in May 2008), rather than being limited to the period during which Plaintiff was eligible for benefits. In this case, the ALJ noted that Plaintiff alleged his disability began in May 2008 (AR at 15, 21), but explicitly found him to be not disabled from his application date (May 27, 2015) through the date of the decision. *Id.* at 36. This is a common approach in SSI cases, because eligibility for benefits payments is tied to the application date, rather than the alleged onset date listed in the application. *See, e.g.*, *Ryan T. v. Berryhill*, 2019 WL 1281229, at *5 (D. Or. Mar. 20, 2019) ("[T]he ALJ did what ALJs commonly do when analyzing an SSI application: refer to the claimant's alleged onset date but assess only whether the claimant was disabled between the protective filing date and the date of the ALJ's decision, because the earliest the claimant can obtain benefits is the month after which he filed his protective application."). Even though the period adjudicated by the ALJ ran from the application date through the date of the decision, the alleged onset date nonetheless serves as the beginning of the relevant period for purposes of evaluating Plaintiff's disability, because Plaintiff alleged that he became disabled on that date. *Cf. Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155,

1165 ("Medical opinions that predate the *alleged onset of disability* are of limited relevance." (emphasis added)). Thus, when Plaintiff argues that the "relevant time period" began on the application date, he is mistaken: the ALJ did not err in finding relevant the evidence that post-dates Plaintiff's alleged onset of disability but predates the application date.

Plaintiff also challenges the ALJ's reliance on his lack of mental health treatment and purportedly inconsistent activities as reasons to discount his allegations. (Dkt. # 11 at 12-13.) Even if Plaintiff is correct that these reasons are erroneous, the ALJ provided one clear and convincing reason to discount Plaintiff's allegation of disability: his statements regarding his lack of motivation to work, as reported during the examination of Keith Krueger, Ph.D. (AR 601-04.) Plaintiff told Dr. Krueger that he could work repairing computers or designing websites "if he wanted to, but there is no passion in that for me now" and "[S]ure[,] I can get a job, but I don't want one, I want my freedom and my fluidity." *Id.* at 602. He also told Dr. Krueger that he did "[n]ot want to think [about] having traditional job, as that would interfere with his freedom/fluidity." *Id.* Dr. Krueger opined that Plaintiff has "skills, has knowledge, thinking seems intact; but it is his own choice to not find a way to fit into typical expectations of typical job (tho[ugh] was able to do so for many y[ears] in past work); he believes universe will supply what he needs thr[ough] esoteric 'convergences[.]'" *Id.* The ALJ stated that she

> is unable to assign functional restrictions or find disability based on a lack of passion for work. This lack of desire to work is not associated with a medically determinable impairment, and the undersigned takes administrative notice of the fact that neither a passion for work nor a rejection of personal freedom or fluidity is required to obtain and sustain work activity.

*Id.* at 28-29. This is a clear and convincing reason to discount Plaintiff's allegation of disability. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165-67 (9th Cir. 2001) (finding that an ALJ properly discounted a claimant's testimony due to evidence of self-limitation and lack of motivation);

ORDER - 5

Social Security Ruling 82-61, 1982 WL 31387, at *1 (Jan. 1, 1982) ("A basic program principle is that a claimant's impairment must be the primary reason for his or her inability to engage in substantial gainful work.").

Plaintiff contends that the ALJ erred in relying on his statements to Dr. Krueger because that examination was in January 2014, which predates his application date (dkt. # 11 at 12), but as explained above, Plaintiff alleged he was disabled at the time of Dr. Krueger's examination, and the statements therefore undermine his allegation of disability since 2008. Because Plaintiff's lack of motivation to work undermines his allegation of disability, the ALJ did not err in discounting Plaintiff's testimony on this basis and any error in other lines of reasoning is harmless. *See Carmickle*, 533 F.3d at 1162-63.

**B.     The ALJ Did Not Err in Assessing the Medical Evidence**

Plaintiff raises a number of challenges to the ALJ's findings regarding the medical evidence, each of which the Court will address in turn.

*1.     Legal Standards*

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

*2.     Don Allison, M.D.*

Dr. Allison, a treating physician, opined in March 2014 that Plaintiff was limited to sedentary work based on his low back pain and sciatica, noting that an MRI had been ordered but

not yet performed. AR at 366-71. Dr. Allison indicated that the MRI would reveal whether Plaintiff was a candidate for surgery, and also recommended epidural steroid injections and analgesics. *Id*. at 369.

The ALJ noted that Dr. Allison's March 2014 opinion was rendered during an exacerbation of Plaintiff's symptoms after he lifted firewood, and that his functioning at that time does not reflect his functioning longitudinally. AR at 31. Plaintiff contends that "more recent evidence shows that [his] back pain persisted." (Dkt. # 11 at 3.) Records do confirm that Plaintiff continued to complain of back pain, but not that it necessarily persisted to the same degree: the record reflects that Plaintiff continued to experience exacerbations of back pain after periods of intense activity (*e.g.*, AR at 566 (Plaintiff reports "worsening backpain after crawling around trying to fix septic tank" in April 2015)), and the record also shows that Plaintiff's MRI was not consistent with the degree of pain he reported. *Id*. at 488 (July 2015 treatment note discussing the mild findings on the MRI, contrasted with his reports of back and leg pain). Because Plaintiff has not met his burden to show that the ALJ's interpretation is unreasonable, the Court affirms the ALJ's interpretation.

        3.     *Seyed Hejazi, M.D.*

Dr. Hejazi opined in a November 2014 DSHS form opinion that Plaintiff's back pain limited him to sedentary work, but indicated that the objective findings supporting that opinion were "not available now." AR at 386-90. Dr. Hejazi's appointment notes corresponding to the DSHS opinion indicate that Plaintiff reported tenderness of the lumbar spine and mild pain with motion, but had normal motor testing and normal reflexes. *Id*. at 393. The ALJ found that the clinical findings to support Dr. Hejazi's opinion were insufficient, and thus discounted Dr. Hejazi's conclusions. *Id*. at 31. Plaintiff contends that the ALJ erred in "acting as her own

medical expert" to find that Dr. Hejazi's conclusion was insufficiently supported by clinical findings (dkt. # 11 at 4), but fails to acknowledge that the State agency consultant who reviewed Dr. Hejazi's opinion also found it to be unsupported by the record (AR at 115-16). In any event, ALJs are empowered to consider opinions in light of the remainder of the record, and may discount an opinion unsupported by clinical findings. *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Furthermore, as noted by the Commissioner (dkt. # 12 at 11), Dr. Hejazi's opinion is of limited duration (six months), and thus even if the ALJ had erred in discounting it, any error would have been harmless because the opinion does not support the conclusion that Plaintiff's limitations met the durational requirement. *See* 20 C.F.R. §§ 404.1505, 1509 (to meet definition of disability, claimant must have a severe impairment preventing work; impairment must have lasted or be expected to last at least twelve months).

### 4. Quoc Ho, M.D.

Dr. Ho, a treating physician, completed two form opinions describing Plaintiff's symptoms and limitations. AR at 597-600, 612-14. The ALJ summarized Dr. Ho's opinions and found that the severe lifting, walking, sitting, standing, concentration, and absenteeism limitations indicated by Dr. Ho were inconsistent with the clinical findings in the record as well as Plaintiff's reported activities, such as riding a motorized bicycle, working on his septic tank, handling firewood, pruning trees, and building a fence. *Id*. at 32-33. Given that the opinions were unsupported by clinical findings in the record, the ALJ stated that Dr. Ho "clearly based" the limitations mentioned in the form on Plaintiff's subjective complaints. *Id*. at 33.

Plaintiff contends that although the ALJ pointed to normal findings that contradicted Dr. Ho's opinions, those normal findings do not negate the abnormal findings. (Dkt. # 11 at 7.) This argument fails to establish error in the ALJ's interpretation because he has not shown that the ALJ unreasonably weighed the evidence, and the Court declines Plaintiff's invitation to reweigh the evidence in a manner more favorable to him.

Plaintiff also suggests that the ALJ erred in finding that Dr. Ho's opinions were based on subjective self-reports rather than clinical findings, arguing that the ALJ again acted as her own medical expert and that her finding is not supported by substantial evidence. (Dkt. # 11 at 7.) The Court disagrees. Again, the ALJ is empowered to consider whether a doctor's opinion is supported by clinical findings, and the record does contain evidence suggesting that the limitations mentioned in the form were based on Plaintiff's self-reported limitations to Dr. Ho. *See* AR at 616 (treatment notes documenting Plaintiff's self-reported sitting, standing, and lifting restrictions, on the date of the November 2016 opinion, as well as the reports of sitting and walking limitations reported on the date of the June 2016 opinion). The content of these treatment notes constitutes substantial evidence supporting the ALJ's interpretation of Dr. Ho's opinions.

### 5. *Alexander Patterson, Psy.D.*

Dr. Patterson performed a consultative psychological examination of Plaintiff in December 2015. AR at 532-37. The ALJ cited Dr. Krueger's conflicting opinion as a reason to discount Dr. Patterson's opinion, because Plaintiff provided more information to Dr. Krueger than he did to Dr. Patterson. *Id*. at 28, 31-32. The ALJ also found Dr. Patterson's opinion regarding Plaintiff's absenteeism problems and deficits in handling stress to be inconsistent with Plaintiff's ability to present regularly to medical appointments and his own self-report that he

responds to stress better than most, as well as inconsistent with his lack of mental health treatment. *Id*. at 32. The ALJ did, however, find that Plaintiff's mental health impairments caused social limitations, in accordance with Dr. Patterson's opinion. *Id*. at 31-32.

Plaintiff again contends that the ALJ erred in crediting Dr. Krueger's opinion over Dr. Patterson's opinion, because Dr. Krueger's opinion predated the application date. (Dkt. # 11 at 9.) Again, the Court notes that Dr. Krueger's opinion was rendered during a time in which Plaintiff claimed to be disabled, and thus is relevant to the ALJ's disability determination. Furthermore, as noted by the ALJ, Plaintiff reported in July 2016 that his symptoms had remained consistent since 2011 (AR at 623-25), which supports the ALJ's finding that Dr. Krueger's 2014 opinion is relevant to the entire period at issue. *Id*. at 28. The ALJ also noted that Plaintiff's presentation (with disorganized thought, halting speech, and difficulty finding words) to Dr. Patterson was unlike his presentation during all other appointments and evaluations, leading the ALJ to characterize his presentation to Dr. Patterson as "suspicious." *Id*. at 29. The ALJ provided specific and legitimate reasons to discount Dr. Patterson's opinion.

Plaintiff also contends that the ALJ erred in failing to account for the moderate limitations identified by Dr. Krueger (dkt. # 11 at 10), but has not shown that the ALJ's RFC assessment is inconsistent with any of those limitations. The Court finds Plaintiff's conclusory allegation to be insufficient to establish error in the ALJ's assessment of Dr. Krueger's opinion.

//

//

//

//

//

# V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 21st day of January, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge